B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Leo L. Sims and<br>Ruth B. Sims | DEFENDANTS<br>Coosaw Farms 123, LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Robert H. Cooper, The Cooper Law Firm<br>3523 Pelham Road, Suite B, Greenville, SC 29615 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Actual & constructive fraud, misrepresentation and negligent misrepresentation with regard to debtors' residence. Debtors' seek to have the property conveyed back to the debtors and for the Defendant to pay actual damages, sanctions, attorney's fees, costs and punitive damages. 11 U.S.C. §548

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ see above |

Other Relief Sought
see above

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Leo L. Sims and Ruth B. Sims | BANKRUPTCY CASE NO. 13-00655 | |
| DISTRICT IN WHICH CASE IS PENDING South Carolina | DIVISION OFFICE Spartanburg | NAME OF JUDGE Helen Elizabeth Burris |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| *[signature: Rob H. Coop]* | |
| DATE May 1, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Robert H. Cooper, Attorney for Plaintiffs |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo L. Sims, and<br>Ruth B. Sims<br>125 Compton Road<br>Belton, SC 29627<br><br>      Plaintiff<br><br>Leo L. Sims, and<br>Ruth B. Sims<br>125 Compton Road<br>Belton, SC 29627<br><br>      Debtors<br><br>  v<br><br>Coosaw Farms 123, LLC<br>2015 Boundary Street, Suite217<br>Beaufort, SC 29902<br><br>      Defendant | Case no. 13-00655<br><br>Chapter 13<br><br>Adversary proceeding<br>number_____<br><br><br><br><br><br>Complaint |

## COMPLAINT

Leo L. Sims and Ruth B. Sims, the plaintiffs and debtors in this matter, now come before this Honorable Court by and through their undersigned counsel complaining of the defendant, Coosaw Farms 123, LLC as follows:

1. The plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on February 1, 2013, in the District of South Carolina.

2. According to foreclosure documents filed by the defendant against the plaintiffs, the defendant is a corporation organized and existing under the laws of the State of South Carolina, and conducting business in the County of Anderson.

3. The plaintiffs/debtors are citizens and residents of Anderson County, South Carolina.

4. This adversarial proceeding arises in and relates to a matter under Title 11, United States Code. The debtors' chapter 13 case is currently pending in this district. The Court has jurisdiction over this adversarial proceeding pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(E).

5. This adversarial proceeding involves a dispute between the parties pertaining to the debtors' primary residence located at 125 Compton Road, Belton, SC 29627, bearing tax map number 247-00-04-002-000.

6. The records filed in the RMC's office in Anderson County, South Carolina indicate that the property in question was conveyed by Waymon Sims, Sr. to the plaintiffs/debtors, Leo L. Sims and Ruth B. Sims on May 18, 1977. This was recorded in Book #0018M, page #00181. The records reflect no transfer of the property thereafter, until October 4, 2011, the date upon which the records reflect a transfer from Leo L. Sims, and Ruth B. Sims, the plaintiffs/debtors to Coosaw Farms 123, LLC, the defendant. This is recorded in Book 10176, Page 00069. The consideration reflected in the recorded documents is shown as $1.00. The record reflects that no mortgage was attached to the property at the time of the conveyance from the plaintiffs/debtors to the defendant. Neither were any other encumbrances attached of record to the property at the time of the conveyance. The debtors advise they did, however, owe approximately $5,000 in ad valorem property taxes to Anderson County for the property.

7. Anderson County real property records reflect that at the time of the October 4, 2011, conveyance from plaintiffs/debtors to the defendant, the tax appraised value was $58,320. The current tax value is $83,740. The tax map number for the property is 247-00-04-002-000.

8. On the same date as the transfer of the property from the plaintiff's/debtors to the defendant, the defendant offered the plaintiffs the option to buy back their property via an unrecorded "Option to Purchase Agreement" dated October 4, 2011. Therefore, it appears that the "Option to Purchase Agreement" was executed contemporaneously with the transfer of the deed from plaintiff to the defendant. Upon information and belief no attorney was involved in the preparation and execution of the documents. The record reflects that the transfer occurred via quit claim deed. The terms of the "Option to Purchase Agreement" included that the debtors would pay the sum of $400 per month for 48 months, and maintain payment for taxes and insurance. The agreement mentions interest, but no specific interest rate is stated in the agreement, nor is it stated whether such interest rate is fixed or variable. The agreement also mandates that the plaintiffs make all repairs upon the property. The agreement is confusing and contradictory as to the status of ownership of the property after the plaintiffs timely make all payments.

9. According to the plaintiffs/debtors, in late 2011, an individual named "Mark" contacted them to discuss the fact that the debtors were approximately $5,000 in arrears with ad valorem property taxes owed to the County of Anderson on the property in question. He identified himself as an agent for Coosaw Farms 123, LLC. The debtors advise that this individual requested that they meet at the Anderson County Courthouse, and advised that he could help them pay the delinquent property taxes. Based upon "Mark"s promises, the debtors

met him at that location. The individual named "Mark" made numerous promises to the plaintiffs in an effort to induce the plaintiffs to convey the property in question, which is their primary residence, over to Coosaw Farms 123, LLC, for whom "Mark" was an agent. The debtors did not then, and do not now, understand how the alleged sales price of $19,200 was arrived, especially since they thought they owed only approximately $5,000 in taxes, and since the tax value alone at the time of transfer was $58,320. According to the plaintiffs, they received no further funds from the transaction, and received no accounting of the $19,200 the defendant alleges they owe. The signature on page 3 of 3 of the "Option to Purchase Agreement" reflects a signature, which appears to be Mark Vaughan, and the status of that individual is stated next to the signature as "Agent Coosaw Farms."

10. The record reflects no tax sale purchase by Coosaw Farms,123, LLC or any other person or entity.

11. The plaintiffs/debtors position in this dispute is that the defendant committed actual and constructive fraud, and violated 11 U.S.C. section 548.

12. The plaintiffs/debtors, therefore, ask that the Court order the defendant transferee to convey the property in question back to the debtors, and to provide a full accounting of the debt the defendant alleges the debtors owe it. Further, the plaintiff/debtors ask this Court to sanction the defendant to include damages, attorney's fees and costs, and punitive damages.

## MEMORANDUM OF LAW

11 U.S.C. section 548(a)(1)(B) states that the trustee may avoid any transfer of an interest of the debtor in property that was made on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily-(i) received less than reasonably equivalent value in exchange for such transfer; and (ii) (I) was insolvent on the date that such transfer was made, or became insolvent as a result of the transfer.

In order to avoid a transfer under section 548(a)(1)(B), the trustee must establish the following elements: (1) transfer of the debtor's property interest; (2) in the two years immediately preceding the bankruptcy filing; (3) for which the debtor received no reasonably equivalent value; and (4) at a time when the debtor was insolvent or financially stressed on the date that such transfer was made, or became insolvent as a result of the transfer. This section of the Code has often been referred to as the "constructive fraud" portion of section 548.

### REASONABLY EQUIVALENT VALUE

The term "reasonably equivalent value" was not meant to be literally identical to "fair market value" that is used in other sections of the Bankruptcy Code. Nonetheless, some, but not all, of the uncertainty in "reasonably equivalent value" has been reduced by a determination that for many transfers to which section 548(a)(1)(B) is applied, the term is now often used

synonymously with the term "fair market value." See BFP v Resolution Trust Corp., 511 U.S. 531 (1994) in which the U.S. Supreme Court stated "particularly outside the context of foreclosure sales, reasonably equivalent value is ordinarily similar to fair market value."

Timing of reasonably equivalent value : Reasonably equivalent value is measured as of the time when the challenged transaction occurred. See In re Morris Communications NC, Inc. 914 F,2d 458, 466 (4th Cir. 1990).

Insolvency: In order for a transfer to be avoided under section 548(a)(1)(B), the debtor must have been financially stressed in one or more of the following ways: (1) the debtor must have been insolvent at the time of the transfer, or have been made insolvent by the transfer; (2) in the aftermath of the transfer the debtor intended or should have anticipated that repayment of the debts as they matured would be unrealistic.

Insolvency defined: Insolvency is defined in section 101(32)(a) of the Bankruptcy Code as follows:  Essentially, it is an economic concept, not a legal one, comparing market value of a debtor's assets with the debtor's liabilities.  At any point in time when the liabilities of the debtor exceed assests, the debtor is insolvent.  See, e.g. Covey v. Commercial National Bank of Peoria, 960 F.2d 657, 660 (7th Cir. 1992).

## CONCLUSION

The result one would find, based upon the totality of circumstances in this disputed matter is as follows:

1. The transfer by the plaintiff/debtors to the defendant of the their primary residence located at 125 Compton Road, Belton, SC. 29267 was a fraudulent transfer as that term is defined in 11 U.S.C. section 548((a)(1)(B) as the consideration received by the plaintiffs for the transfer was not fairly equivalent value, and in fact was shockingly unfair as the alleged consideration paid by the defendant was $19,200 at a time when the tax appraised value of the property was $58,320.

2. The transfer occurred within two years of the filing of the bankruptcy as the transfer occurred on October 4, 2011, and the bankruptcy petition was filed on February 1, 2013.

3. The transfer rendered the debtors insolvent as they transferred the most valuable asset they owned, which after the transfer left them without that valuable asset.  In essence, the debtors transferred a property valued at a minimum of $58,320 for an alleged consideration of $19,200, thereby depleting their asset value by $39,120, and burdening them with an additional alleged $19,200. This transfer left the debtor extremely insolvent as it reduced the value of their assets, while increasing the amount of their debt.

**DEBTORS' STANDING TO BRING AVOIDANCE ACTION UNDER 11 U.S.C. 548**

A chapter 13 debtor has standing to pursue legal claims on behalf of the estate.  See e.g.

Crosby v. Monroe County, 394 F.3d 1328, 1331 (11th Cir. 2004). See also, In re Freeman, 72 BR 850, 854 (Bankr. E.D. Va. 1987). See also, Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513 (2$^d$ Cir. 1998).

### FRAUD, INTENTIONAL MISREPRESENTATION, AND NEGLIGENT MISREPRESENTATION

The historical tort of deceit, now called fraud, requires a statement or act of some kind that misleads the hearer. In South Carolina, the tort, as set forth in M.B. Kahn Construction Co., Inc. v. South Carolina National Bank, contains nine distinct elements, each of which must be proven. The elements are: (1). A representation; (2). its falsity; (3). its materiality; (4). either knowledge of its falsity or a reckless disregard of its truth or falsity; (5). intent that the representation be acted upon; (6). The hearer's ignorance of its falsity; (7). the hearer's reliance on its truth; (8). The hearer's right to rely thereon; and (9). The hearer's consequent and proximate injury. See M.B. Kahn Construction Co., Inc. v. South Carolina National Bank, 275 S.C. 381 (1980). The standard by which this tort is measured is the affect the words or actions would produce under the circumstances upon the ordinary mind. The plaintiffs'/debtors' position is that the defendant, Coosaw Farms 123, LLC also committed the torts of fraud, and intentional misrepresentation, or in the alternative negligent misrepresentation.

WHEREFORE, the plaintiffs/debtors ask this Honorable Court to inquire into the disputed matters, to issue its order commanding the defendant, Coosaw Farms 123, LLC to convey the property in question back to the plaintiff/debtors, to command the defendant to pay actual damages, sanctions, attorney's fees and costs, and punitive damages to the plaintiffs/debtors, to command the defendant to provide an accounting of the funds it alleges that the plaintiffs/debtors owe it, and to provide such other and further relief as this Court deems just and proper.

Respectfully submitted

/s/Robert H. Cooper
Robert H. Cooper, DCID#5670
The Cooper Law Firm
Attorneys for Debtors
3523 Pelham Road, Suite B
Greenville, SC 29615
(864)271-9911 phone
(864)232-5236 facsimile
rhcooper@thecooperlawfirm.com

Dated this 30th day of April, 2013